<div style="margin-left:2em">KELLY<br>vs<br>PORTER.</div>

---

SCI. FA.

Case 93.

April 30.

The case stated.

Sci. fa. vs special bail, plea that at the date of the underta-

## Kelly *vs* Porter,

### ERROR TO THE BOYLE CIRCUIT.

*Bail, in civil cases. Sci. fa.*

JUDGE BRECK delivered the opinion of the Court.

PORTER entered as special bail for Reid at the suit of Kelly, who, having obtained a judgment against Reid, and execution thereon having been returned *nulla bona*, sued out a *scire facias* against Porter, as bail.

Porter plead that when he became bail, Reid had not in the Commonwealth of Kentucky any property liable to execution, sufficient to satisfy the plaintiff's debt and cost, or any part thereof. Upon this plea issue was

joined by the plaintiff, and the facts as well as the law submitted to the Court.

The proof was that when Porter entered as bail, Reid owned a negro boy of greater value than the debt of Kelly, and, upon his removal shortly afterwards from the State he took the boy with him. That he, however, owed other debts, exceeding the value of the slave, and had no other estate. In this view of the testimony the Circuit Judge was of opinion that Reid was insolvent, and upon that ground alone refused to award the plaintiff execution, and rendered judgment for the defendant for his costs. The plaintiff has appealed to this Court.

The Circuit Judge in making the case turn upon the question of insolvency, very clearly travelled out of the issue of fact made up by the parties. The only inquiry under the issue was, whether Reid, at the time Porter became his bail, had property in Kentucky, liable to execution, sufficient to pay the plaintiff's debt and costs, or any part thereof. The testimony is satisfactory and conclusive that he not only had at the time such property, but that he subsequently moved it out of the State. Upon the issue, therefore, it seems to us the plaintiff was entitled to a judgment. Whether the plaintiff might or not have objected to the plea as insufficient, we need not decide; it tendered an issue as to a material fact, upon which the plaintiff had a right to rest his case, and having done so, the defendant could not afterwards render available any objection the plaintiff might have made to it, nor was the Court, as the trier of the law and facts authorised to disregard it.

The question of insolvency, upon which the Court disposed of the case, was not involved in the issue. Reid might have had no property liable to execution, and still have had money and *effects* greatly exceeding all his liabilities.

As the question, however, of insolvency was deemed material by the Judge, and may upon the return of the cause be directly presented by the pleadings, it may be proper briefly to examine the provisions of the statute under which the proceeding was authorized.

The first section of the act of 1829, "an act providing a remedy against bail in civil actions," (1 *Stat. Laws*, 196,) declares that the undertaking of bail shall be that the defendant shall not remove his *effects* out of the Commonwealth, until the plaintiff's judgment, if he shall recover one, is discharged.

The second section authorizes the proceeding by *scire facias*, and a judgment against the bail, should it appear to the satisfaction of the Court, upon issue joined, that the defendant had removed his effects out of the Commonwealth, after the undertaking of the bail, and that the judgment of the plaintiff remained unsatisfied.

In the fourth section of the act of 1829, (1 *Stat-Laws*, 196,) the term *insolvent* is understood to mean, that the principal *had no effects, no estate* at the time the bail was given.

The fourth section contains this provision: "That upon the trial of any *scire facias* herein directed to issue, the defendant shall be allowed to plead and prove that the defendant in the original action, was insolvent at the time said bail was given, and if that fact be proven, it shall be adjudged a good defence."

If this section be so construed as to exonerate the bail by pleading and proving that when he entered as such, the debts and liabilities of the principal exceeded the value of all his estate, it will then be inconsistent and repugnant to other provisions of the act. Such a construction would only subject the bail when the principal was solvent. If unable to discharge all his debts and liabilities, no matter how much property he might possess and own, and remove out of the State, there would be no responsibility upon the bail. The presumption, we think, cannot be indulged, that such was the intention of the Legislature. The term "insolvent," used in this section, as applicable to the principal, can only mean that he had *no effects, no estate,* at the time the bail was given. This construction would reconcile the seeming inconsistency between this and other provisions of the act. It also absolves the bail, which may be presumed to have been one object of the provision, from all liability for the removal of property by the principal, acquired subsequent to the undertaking of the bail.

Judgment reversed and cause remanded that a new trial may be granted without the payment of costs.

*Harlan & Craddock* for plaintiff: *Bradley* for def't.